UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
**PAUL J. TRESSELT,**

                              Plaintiff,

    -against-

                                                     **_COMPLAINT_**

**LONG ISLAND RAIL ROAD COMPANY,**          PLAINTIFF
                                                                 DEMANDS TRIAL
                            Defendant.                                  BY JURY
-----------------------------------------------------------------X

Plaintiff complaining of the defendant by his attorneys, FLYNN & LAURIELLO, PLLC, respectfully alleges as follows:

### The Parties

1. At all times hereinafter mentioned, plaintiff PAUL J. TRESSELT was employed by defendant LONG ISLAND RAIL ROAD COMPANY (LIRR) as a LIRR Track Worker, in the LIRR Track Department.

2. At all times hereinafter mentioned, plaintiff was a LIRR employee in the course and scope of his work from and for the defendant.

3. Upon information and belief, that at all times hereinafter mentioned, defendant LIRR, was a corporation duly organized and existing under and by virtue of the laws of the State of New York, and was doing business within the jurisdiction of this Court as an interstate common carrier by railroad.

## Jurisdiction

4. That at all times hereinafter mentioned, plaintiff and defendant were engaged in the furtherance of the business of the defendant railroad, to wit., the transportation of interstate commerce.

5. Plaintiff's cause of action against the defendant arises under the Act of Congress of April 22, 1908, Chapter 149, 35 Statute 65, as amended, commonly known as the Federal Employers' Liability Act, 45 USCA, Chapters 1 and 2, and the rules and regulations promulgated thereunder.

6. The Court has jurisdiction of the subject matter of plaintiff's cause of action against the defendant pursuant to 28 USCA Section 1331, Federal Question.

## Liability

7. That at all times hereinafter mentioned, defendant operated, managed and controlled the LIRR work site at and near the elevated LIRR tracks at Woodside, Queens County, NY.

8. That at all times hereinafter mentioned, defendant operated, managed and controlled the provisions of tools and equipment for the work at the worksite.

9. That at all times hereinafter mentioned, defendant operated, managed, provided and controlled the scaffold erected for use by LIRR works to get to and from street level to the elevated work level.

10. That on July 18, 2016, while plaintiff was going up the scaffold stairs carrying a LIRR whacker in the course and scope of his assigned work from and for the defendant, he was caused to slip, trip, lose his balance and slide down the scaffold steps, twisting his right knee and sustaining the injuries hereinafter set forth.

11. Upon information and belief, that the aforesaid occurrence was due to the violation by defendant "LIRR", its agents and/or employees of the Federal Employers' Liability Act, Chapter 2, 45 USC § 51, and the rules and regulations promulgated thereunder.

12. That the aforesaid occurrence was due solely and wholly to the carelessness and negligence of defendant, its agents, and/or employees in violating, failing to enact and/or enforce "LIRR" safety rules for proper, adequate and sufficient ingress with tools to the work area; in failing to keeping the scaffold stable and safe to carry tools up; in causing, permitting and allowing the scaffold to be, become and remain unsafe, improperly, inadequately and insufficiently; in causing, permitting and allowing the stairs to be, become, and remain unstable, unsafe, perilous and hazardous, and in otherwise being careless and negligent, and due to no fault or lack of care on the part of the plaintiff herein.

**Injuries and Damages**

13. Upon information and belief, as a result of the foregoing, plaintiff sustained injuries to his right knee, neck and body, nervous system, and other systems of his body, scarring, shock to his nervous system, anxiety, stress, and suffering; has suffered, suffers and will

suffer physical pain, mental anguish, and the loss of the enjoyment of the pursuits and pleasures of life and other personal injuries; some of which are and will be permanent in nature; that plaintiff has received, receives and will receive medical, hospital and health care treatment and care and has and will incur expenses for medical, hospital, and health care providers and health care treatment; and from time to time, has been, is and will be confined to bed and home as a result thereof; plaintiff has lost, is losing, and will lose time from employment, employment earnings, and/or employment perquisites; all to his damage in a sum not exceeding $1,000,000.00.

WHEREFORE, plaintiff demands judgment against the defendant in a sum not exceeding $1,000,000.00, together with the costs and disbursements of this action.

Dated: November 6, 2017
New York, New York

                        FLYNN & LAURIELLO PLLC
                        Attorneys for Plaintiff

                        BY _____
                        VALERIE J. LAURIELLO (VL6192)
                        Attorney at Law
                        Office & P.O. Address
                        5 Penn Plaza – 23rd Floor
                        New York, New York 10001
                        Tel. 212-896-3812
                        Fax 866-855-3813
                        VJLauriello@MDFlynnLaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

**PAUL J. TRESSELT,**

Plaintiff,

-against-

**LONG ISLAND RAIL ROAD COMPANY,**

Defendant.

---

## COMPLAINT

---

***FLYNN & LAURIELLO PLLC***
**Attorneys for Plaintiff**
5 Penn Plaza – 23rd Floor
New York, NY 10001
212-896-3812